# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| RUDOLPH V. ORANGE, | * | |
| --- | --- | --- |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:14-cv-108 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Criminal Case No.: 5:11-cr-7) |
| | * | |
| Respondent. | * | |

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 14, to which Rudolph Orange ("Orange") filed Objections. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court.

In his Objections, Orange contends the Magistrate Judge "does not dispute" that the decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), coupled with the decision in Peugh v. United States, ___ U.S. ___, 133 S. Ct. 2072 (June 13, 2013), reveal that Orange's sentence is above the statutory maximum. Dkt. 17, p. 2. Contrary to Orange's Objections, the Magistrate Judge did not agree that

these decisions reveal Orange's sentence to be above the mandatory maximum. Rather, the Magistrate Judge made it clear that the Eleventh Circuit Court of Appeals had already rejected Orange's arguments based on Peugh and Alleyne on Orange's direct appeal. Dkt. No. 14, pp. 5-6. The Magistrate Judge also concluded that, even if the Eleventh Circuit had not already rejected these arguments, Peugh and Alleyne offer Orange no relief. In so doing, the Magistrate Judge explained the United States Supreme Court's holdings in these cases and, with respect to Alleyne, the Magistrate Judge specifically stated why the decision could not provide Orange with his requested relief. Id. at pp. 6-7.

Orange also states the Magistrate Judge failed to consider under a "Padilla" analysis whether he met the first prong under Federal Rule of Civil Procedure 11(d)—the close assistance of counsel. Dkt. No. 14, pp. 6-7. In Padilla v. Kentucky, 559 U.S. 356, 374 (2010), the Supreme Court held that counsel must inform his client whether his plea of guilty carries a risk of deportation. The Court is not aware that Orange's guilty plea carried a risk of deportation, and Orange has not presented any evidence of the same. Even if it did, however, Orange raises this particular claim for the first time in his Objections. This is an independent ground to overrule Orange's Objections. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009); Driskell v.

Price, 2:13-CV-01541-VEH-SG, 2015 WL 545382, at *8 (N.D. Ala. Feb. 10, 2015) ("The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence."). In addition, the Court already determined Orange "'had close assistance of experienced counsel'" under Rule 11(d). Dkt. No. 14, p. 16 (quoting Hr'g Tr., United States v. Orange, (S.D. Ga. Sept. 23, 2012), ECF No. 256, p. 26).

For all of these reasons, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** as the opinion of the Court and Plaintiff's Objections, dkt no. 17, are **OVERRULED**. The Court **DISMISSES** in part and **DENIES** in part Orange's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255. Orange is **DENIED** a Certificate of Appealability and *in forma pauperis* status on appeal. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

SO ORDERED, this ____2____ day of ____May____, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA