# United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CR 511-007 |
| ) | |
| ) | |
| RUDOLPH V. ORANGE, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court are Defendant Rudolph Orange's motions for reduction in sentence, pursuant to the First Step Act of 2018, and motion to appoint counsel. Dkt. Nos. 340, 341. For the reasons set forth below, Defendant's motions are **DENIED**.

On June 8, 2011, the grand jury charged Defendant with, among other things, possession of 280 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count II). On October 17, 2011, pursuant to a written plea agreement, Defendant pleaded guilty to a lesser-included charge of Count II, that is, possession of 28 grams or more of cocaine base with intent to distribute, in violation of §§ 841(a)(1) and (b)(1)(B). The presentence investigation report calculated a total offense level of 40 and a criminal history category of VI, resulting in an advisory

guidelines range of 360 months' to 480 months' imprisonment. On October 12, 2012, the Court held a sentencing hearing, at which it partially sustained an objection to Defendant's role in the offense, reducing the enhancement from four levels to two levels. Based on this, the Court calculated a total offense level of 38 and a criminal history category of VI, which still resulted in an advisory guidelines range of 360 months' to 480 months' imprisonment. Dkt. No. 275-3 at 6. The Court then varied below the guidelines, sentencing Defendant to 324 months' imprisonment. Dkt. Nos. 265, 275-3 at 14. In imposing this sentence, the Court explained that, based upon its 18 U.S.C. § 3553(a) analysis, it would have imposed the same sentence irrespective of any advisory guidelines calculations. Dkt. No. 275-3 at 15. The Eleventh Circuit affirmed Defendant's conviction and sentence. See United States v. Orange, 536 F. App'x 952 (11th Cir. 2013). According to the Bureau of Prisons, Defendant is currently incarcerated at FCI Jesup located in Jesup, Georgia with a projected release date of August 12, 2033. Defendant now moves this Court, pursuant to the First Step Act of 2018, for a reduction in sentence and appointment of an attorney. Dkt. Nos. 340, 341.

"The First Step Act permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in

effect at the time the covered offense was committed." United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing First Step Act § 404(b)). "A district court may not 'entertain a [First Step Act] motion' from a defendant who already benefitted from the Fair Sentencing Act by having his sentence imposed or reduced 'in accordance with' sections two or three of the Fair Sentencing Act." Id. at 1297. Here, Defendant was charged, convicted and sentenced after August 3, 2010—the effective date of the Fair Sentencing Act. Thus, Defendant has already been sentenced pursuant to the Fair Sentencing Act's amendments, and Defendant is ineligible for a sentence reduction.

Accordingly, Defendant's motion for a sentence reduction, dkt. no. 341, is **DENIED**. Similarly, his motion for appointment of counsel, dkt. no. 340, is also **DENIED**.

**SO ORDERED**, this 30 day of March, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3