UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

CASE NO.: 5:11-CR-00007-LGW-JEG

RUDOLPH ORANGE,

    PETITIONER,

v.

UNITED STATES OF AMERICA,

    RESPONDENT,

### PETITION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(1)(A)

Comes Now, Rudolph Orange, the Petitioner, hereby humbly makes this
Petition for Reduction in Sentence in accordance to 18 U.S.C. §3582(c)(1)(A)
pursuant to 28 U.S.C. §§991-995 & U.S.S.G. §1B1.13(b)(5)-(6) & (d)
in combination with Concepcion v. United States, 142 S.Ct. 2389 (2022).

The Petitioner states based on the foregoing **amendment(s)** he humbly seeks
compassionate release and/or reduction in sentence because of several
factual "extraordinary and compelling reason" in **relation to these**
"extraordinary and compelling " amendment(s) listed below:

U.S. SENTENCING COMMISSION'S AMENDED US. GUIDELINES & POLICY STATEMENTS
U.S.S.G.§1B1.13(b)(6) states:
(b) **"EXTRAORDINAY AND COMPELLING REASONS.**—Extraordinary and compelling
reasons exist under any of the following circumstances or a combination
thereof:
(6) UNUSUALLY LONG SENTENCE.— If a defendant received an unusually long
sentence and has served at least 10 years of the term of imprisonment
a change in the law (other than an amendment to the Guidelines Manual
that has not been made retroactive) may be considered in determining
whether the defendant presents an extraordinary and compelling reason,
but only where such change would produce a gross disparity between the
sentence being served and the sentence likely to be imposed at the time
the motion is filed, and after **full consideration of the defendant's**
**individualized circumstances."**

<u>STATEMENT OF FACTS</u>

1) On October 11, 2012 Petitioner agreed to plead guilty to lesser included offense of <u>Possession with Intent to Distribute 28 grams or more Cocaine Base</u> in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(B) pursuant to a written plea agreement and in exchange for the Petitioner's guilty plea the Government agreed to dismiss the remaining Count(s) and not seek, if applicable, [a] 21 U.S.C. §851 sentence enhancement.

2) On November 1, 2012, Petitioner was sentenced to a term of 324 months of imprisonment the Federal Bureau of Prisons based on these assessments listed below:

A) The Petitioner's Base Offense Level ('BOL') was <u>40</u> which was reduced by two (2) level(s)resulting in an <u>adjusted (base) offense level</u> of <u>38</u> based on U.S.S.G. §3D1.1(c)-Aggravating Role Enhancement. (See: Sentencing Transcript Pg. 218 Ln. 19-20 & Pg. 219 Ln. 1-19)

B) The Probation Officer designated the Petitioner as a career offender enhancement under U.S.S.G. §4B1.1., which designated the Petitioner's Criminal History Category ('CHC') to <u>VI</u> based on two (2) <u>UNQUALIFYING prior conviction(s)</u>

   1) <u>Possesion</u> with Intent under Georgia law V.C.G.S.A.(Unspecified Subsection In Indictment)(See: Sentencing Trans. Pg. 134-141)

   2) Drug Trafficking pursuant to Fla. Stat. §891.135

    These offense(s) were classified as "controlled substance offense(s)".

C) The Court entered a downward departure from Petitioner's guideline provision(s) range of <u>360 to 480</u> months to <u>324</u> months based on the 18 U.S.C. §3553(a) factors. (See: Sentencing Transcripts Pg. 229 - 230 Ln. 1-11)

<u>PETITIONER SEEKS COURT TO CONSIDER AND/OR TAKE ADVISEMENT OF CHANGES IN LAW</u>

## I. ENHANCEMENT UNDER U.S.S.G. §3B1.1(c) SHOULD BE REMOVED
## <u>UNDER THE CONSIDERATION OF APPRENDI, BLAKELY & BOOKER</u>

The Petitioner states that if the Court was to consider and/or take
advisement of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed. 2d 435 (2000), United States v. Booker, 543 U.S. 220, 125 S.Ct.
738, 160 L.Ed. 2d 621 (2005), where the Supreme Court applied
rationale of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159
L.Ed. 2d 403 (2004), to the federal sentencing guidelines and held that
...based on facts found by the <u>COURT</u> by a <u>preponderance of the evidence</u>
violated <u>the Sixth Amendment</u>. Booker, 125 S.Ct. at 746-48, 755-56 (Steven,
J., opinion of the Court). The Supreme Court remedied the constitutional
violation by severing and excising the statutory provisions that mandate
sentencing and appellate review under the guidelines, thus making the
guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).
Therefore the Petitioner wishes this Honorable Court to take consideration
and/or advisement of Apprendi, Blakely and Booker regarding the fact that:

> The two (2) level enhancement of his offense level for being a leader
> or organizer under U.S. Sentencing Guidelines Manual §3B1.1(c) was an
> "ERROR" because the facts supporting the enhancement was not alleged
> in his indictment, found beyond a reasonable doubt by a jury, or admitted
> by the Petitioner and because of this enhancement the Petitioner is
> serving an "UNUSUALLY LONG SENTENCE" in accordance with U.S.S.G.
> §§1B1.13(b)(6) & (c).

If the Court was to consider the non-retroactive/retroactive changes of law
stated above means that his  Base Offense Level would be reduced by two (2)
levels resulting in a reduced sentencing──── guidelines range of <u>360 to 480 months</u>
to <u>324 to 405 months</u> at a reduced base offense level of <u>36</u>.

## II. U.S. SENTENCING GUIDELINES EX POST FACTO VIOLATION UNDER PEUGH

The Petitioner ask this Honorable Court to take consideration and/or advise-
-ment that he received an improper enhancement under U.S.S.G. §2D1.1(b)(12),
Maintaining A Premises, based   under several non-retroactive/retro-
-active changes of law his Base Offense Level could be reduced by another
two (2) levels based on the fact(s) below:

1) On May 28,2010 The Petitioner was arrested.

2) On November 1, 2010 The U.S.S.G. §2D1.1(b)(12) was added into the
   U.S. Sentencing Guidelines under Amendment(s) 746 & 748 that became
   effective after the Petitioner was "ARRESTED".

3) At the time of Petitioner's sentence the Court used the 2012 U.S. Sentencing
   Guidelines, which included a two (2) level enhancement: Maintaining A Premises
   that became effective November 1, 2010- that is, after Petitioner's offense which
   ended "In or About May 28, 2010."

Therefore, Petitioner states if this Court was to take into consideration
and/or advisement that "courts typically apply the guidelines in effect
at the time of sentencing," however, "the Ex Post Facto Clause prohibits
the use of Guidelines issued after the offense that create a higher
applicable sentencing range" pursuant to United States v. Elbeblway,
899 F.3d 925, 939 (11th Cir. 2018) and Peugh v. United States, 569 U.S.
530, 533, 133 S.Ct. 2072, 186 L.Ed. 2d 84 (2014), means the Court could
reduce his Base Offense Level 36 by another two (2) level(s) to 34 resulting
in another reduction of his guidelines range of 324 to 405 months to 262 to 327 months
as a CAREER OFFENDER.

### III. THE COURT HAS AUTHORITY TO RECONSIDER CAREER OFFENDER ENHANCEMENT BECAUSE IT PRODUCES AN UNWARRANTED "GROSS DISPARITY" PURSUANT TO TITLE 28 OF U.S.C. §991-995

The Petitioner humbly requests this Honorable Court to consider and/or take into advisement of these non-retroactive/retroactive "CHANGES OF LAW" that disqualifies his two (2) prior conviction(s) as "CONTROLLED SUBSTANCE OFFENSE" predicates under U.S.S.G. §4B1.1 based on these fact(s):

1) Petitioner's prior conviction for drug trafficking under Florida Statute F.S.§893.135 is not a 'CONTROLLED SUBSTANCE OFFENSE' under the categorical approach pursuant to the non-retroactive/retroactive changes of law such as Descamps v. United States, 133 S.Ct. 2276 (2013), CF. Greenwade v. State, 124 So.3d 215, 220 (Fla. 2013),also Fransico v. U.S. Attorney General,(No. 15-13223)(11th Cir. March 12,2018), and it is evident the Fla. Stat. Ann. §893.135 clearly defines mere possession as a form of "trafficking" which means Florida statute defines drug trafficking more broadly than the U.S. Sentencing Guidelines Manual, and see also United States v. Shannon 631 F.3d 1187(11th Cir.2011)

2) Petitioner's prior conviction for possession of cocaine with intent to distribute under Georgia law V.C.G.S.A. as stated in his PSI does not indicate which provision of Georgia's law the Petitioner violated, which means the Court is to presume that the conviction rested upon nothing more than the least of the acts criminalized according to Moncrieffe v. Holder, 133 S.Ct. 1678, 1684 (2013), and by applying Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263, 161 L.Ed. 2d 205 (2005) the Court knew that Petitioner's prior state conviction under Georgia law V.C.G.S.A. did not indicate which provision he was convicted of, therefore, the least culpable conduct analysis applies and it disqualifies Petitioner's Georgia state prior conviction for possession of cocaine.(Sent. Trans. Pg. 134-141)

Therefore the Petitioner states that without the Career Offender enhance-
-ment his guidelines range will be 100 to 137 months.

<u>Furthermore</u>, The Petitioner wishes this Court take into consideration
and advisement that majority of his Co-Defendant's received no more
72 months when he actually received an improper Career Offender enhancemnet
which caused this Court improperly and calculate his Guidelines range when
it considered the guidelines. See: 18 U.S.C. §3553(a)(4), (a)(5) which states
"district courts are required to properly calculate and consider the guidelines
when sentencing, even in an advisory guideline system," Booker, 543 U.S. at 264;
Gall v. United States, 128 S.Ct. 586, 596 (2007); Rita v. United States, 127 S.Ct.
2456 (2007) as set forth in 18 U.S.C. §3553(a) and 28 U.S.C. §§994, 991(b)(1).

To further illustrate the "GROSS DISPARITY" listed below are the sentence(s) of Petitioner's
Co-defendant(s):

    CAROL PLUMMER-SENTENCED TO 12 MONTHS
    ROSHAN JAMES BOYD- SENTENCED TO 68 MONTHS
    ANDREW TAYLOR JR.-PROBATION under the STATE.
    TERRANCE B. TAYLOR-36 MONTHS
    SHAWN PAUL FLANAGAN-60 MONTHS

However the Petitioner received 324 month(s) based on an improperly calculated guidelines
range due to the improper Career Offender designation.

### (A) <u>AMENDMENT 782 W/O "CAREER OFFENDER" ERROR WILL APPLY</u>
The Petitioner stated that without the CAREER OFFENDER" sentence enhancement
the Court would be able to reduce his Base Offense Level by two (2) Level(s)
under Amendment 782.

### (B) <u>FIRST STEP ACT OF 2018</u>
The Petitioner states that according to United States v. Raines, 2023 U.S. APP
LEXIS 8065, and Concepcion v. United States, 142 S.Ct. 2389 (2022)and the Fair
Sentencing Act would require the Court consider the "Section 404 of the First
Step Act" as the "proper <u>benchmark</u> for the Court's analysis" according to
"the impact of the Fair Sentencing Act on the defendant's [g]uidelines range."

### (E) DOJ MEMORANDUM FOR ALL PROSECUTORS SUBJECT:
### ADDITIONAL DEPARTMENT POLICIES REGARDING CHARGING,
### PLEAS, AND SENTENCING IN DRUG CASES DATED:12/16/2022

This General Policies Memorandum states "charges that subject a defendant to a mandatory minimum sentence shyould ordinarily be reserved for instances in which the remaining charges...would not sufficiently reflect the seriousness of the of the defendant's criminal conduct, danger to the community, harm to victims" and "such purposes of the criminal law as punishment, protection of the public, specific and general deterrence, and rehabilitation." General Memorandum at 2, 3. "This policy applies with particular force in drug cases brought under Title 21 of the Un the United States Code, where mandatory minimum sentences based on drug type and quantity have resulted in disproportionately severe sentences for certain defend-
-ants and perceived and actual racial disparities in the criminal system," and "in cases which Title 21 mandatory minimum sentences are applicable based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant satisfies all of the follow-
-ing criterias:

1) The defendant's relevant conduct does not involve: the use of violence, the direction to another to use violence, the credible threat of viol-
   -ence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person;

2) The defendant does not have significant ties to a large-scale criminal organization or cartel, or to a violent gang; and

3) The defendant does not have significant managerial role in the traffick-
   -ing of significant quantities of drugs;

4) The defendant does not have a significant history of criminal activity that involved the use or threat of violence, personal involvement on multiple occasions in the distribution of significant quantities of ill-
   -egal drugs, or possession of illegal firearms." DOJ Memorandum For All Prosecutors Subject: Additional Department Policies Regarding Charging, Pleas, and Sentencing In Drug Cases Date:12/16/2022 at Pg. 1 - 2

## (C) DEPARTMENT OF JUSTICE MEMORANDUM & U.S. SENTENCING COMMISSION POLICY STATEMENT(S)

Therefore the Petitioner wishes this Court take consideration and into advisement for agrument sakes that the Department of Justice issued a Memorandum on Dec. 16, 2022 on the subject of "Sentencing in Drug Cases" in regards to Mandatory Minimum Offenses and Sentencing Recommendations in "Certain cases in which the career offender guidelines range does not adequately reflect the defendant's crime and culpability," and the U.S. Sentencing Commission's Amendments to U.S. Sentencing Guidelines... Policy Statements pursuant to the Sentencing Reform Act (SRA) Pub. L. No. 98-473, 98 Stat. 1987, 2023 (codified at 28 U.S.C. §994(t))(See: Ex."A" )

## (D) FAIR SENTENCING ACT OF 2010 & FIRST STEP ACT OF 2018

The Petitioner once again requests this Court to take into consideration and/or advisement of two (2) intervening changes of legislation in order to properly address his "UNUSUALLY LONG SENTENCE" pursuant to U.S.S.G. §§1B1.13(b)(5)-(6) & (c) when considering the FAIR SENTENCING ACT OF 2010 & THE FIRST STEP ACT OF 2018 because "under 1986 law, crack cocaine sent--ence(s) were about 50 longer percent longer than those for powder cocaine. U.S.S.C., Report to the Congress: Cocaine and Federal Sentencing Policy 13 (May 2007)(2007 Report)," in which, "black people bore the brunt of this DISPARITY," and "around 80 to 90 percent of those were convicted of crack offenses...were Black." Id., at 16. "There was no meaningful policy justifi--cation for such unequal sentences. The 100-to-1 ratio "rested on assumptions about the relative harmfulness of the two drugs and the relative prevalence of certain harmful conduct associated with their use and distribution that... research and data no longer support," Kimbrough v. United States, 552 U.S. 85, 97, 128 S.Ct. 558, 169 L.Ed. 2d 481 (2007)." Terry v. United States, No. 20-5904 (06-14-2021).

-8-

## (F) GROSS DISPARITY

With all that said above the Petitioner further states that for arguments sake that if this Honorable Court was take into consideration of Concepcion v. U.S., 142 S.Ct. 2389 (2022), U.S. Sentencing Commission's Amendments to the U.S. Sent-encing Guidelines, Policy Statements, Official Commentary, and Statutory Index (pg. 13 of 73) regarding U.S.S.G.§§1B1.13(b)(5) – (6) & (c), including Amendments 750 & 782 and 817 of the Sentencing Guidelines in combination with the change(s) in laws. This Court would be able to make legal findings that his case constitutes extraordinary and compelling circumstances. Then this Court can take into consider-ation in determining the extent of any sentence reduction because of the "GROSS DISPARITY" the changes in law itself would produce between the length of the sentence he is currently serving and the sentence likely to be imposed at the time this petition is filed constitutes "EXTRAORDINARY AND COMPELLING" circumstances which proves he is serving an "UNUSUALLY LONG SENTENCE" pursuant to U.S.S.G.§1B1.13(b)(6) due to the fact the Petitioner was designated as a Career Offender, he wasn't "free from the harsh effects of the 100-to-1 ratio," in regards to the crack-to-powder ratio and could not receive the benefit(s) of the retroactive effect of the First Step Act of 2018 regarding the Fair Sentencing Act of 2010. Terry v. United States, 141 S.Ct. 1858, 210 L.Ed. 2d 108 (2021) For the sake of argument, after Guidelines amendments, those 28 grams or more pre-enhancement base offense level would be just between 26-32 without the Career Offender designation causing his pre-enhancement Guidelines range drop from 360 to 480 months to 100 to 137 months. In short based on the First Step Act of 2018 and the Fair Sentencing Act of 2010, the law now treats the Petitioner's offense as a far less serious crime.

Therefore the Petitioner finally brings to this Court's attention for consideration
is the fact a few case(s) in this circuit has determined that when the Career Offender
designation no longer applies is proof there is a      "GROSS DISPARITY" between
the sentencing guidelines range the defendant is serving a sentence under and the
guidelines range he would receive or be sentenced upon since it is advisory.
He asks this Court to consider these non-retroactive/retroactive cases which dealt
with the Career Offender designation no longer applying to the defendant's advisory
sentencing guidelines range. See: United States v. VanHolten, 2023 U.S. Dist. Lexis
213764 (M.D. Fla. Dec. 1, 2023); United States v. Raines, 2023 U.S. App. Lexis 8065
(11th Cir. April 5, 2023); United States v. Padgett, Case No. 5:06—CR-00013-RH-GRJ
(Jan. 30, 2024).

### IV. POST-SENTENCING REHABILITATION & BEHAVIOR

The Petitioner has several infractions, however, these minor infractions
discplinary report(s) does not reflect the person he is today because each
of those infraction(s) did not involve violence and were minor, also them types
of infractions are usual in such high-stressed or dangerous environment such as prsion.
(See: Ex. "B") The Petitioner also has been assessed by the Federal Bureau of Prisons
has being a NON-VIOLENT & LOW-RECIDIVIST PRISONER/ADULT-IN CUSTODY.(See: Ex. "C")

### V. PETITIONER REQUESTS COURT TO CONSIDER 18 U.S.C. §3553(a) FACTORS
### UNDER A PROPERLY CALCULATED AND DETERMINED SENTENCING GUIDELINES RANGE
### WITHOUT THE CAREER OFFENDER ENHANCEMENT

The Petitioner states when the Court imposed his sentence of 324 months the Court
stated that it viewed 324 months as a fair and appropriate sentence, irrespective
of the advisory calculations under the Guidelines, based on the §3553 factors.
However, Petitioner states in this instant case had the Court properly calculated
and consider the guidelines without the improper CAREER OFFENDER he would have
received a properly modified sentence by the Fair Sentencing Act of 2010.

Wherefore, if this Court was to take consideration and/or advisement of the non-retroactive/retroactive law(s) that states "a district court should begin all sentencing proceedings by calculating the applicable Guidelines range," as well as consider "as a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark," and that it "must....consult the Guidelines and take them into account when sent--encing, THEY MUST PROPERLY CALCULATE THE GUIDELINES RANGE," to "comply with the requirement that they consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," means this Court would impose a sentence under the Fair Sentencing Act because it must engage in a brief analysis that involves the RECALCULATION of the Sentencing Guidelines in light of the non-retroactive/retroactive changes of law. See: Concepcion v. United States, 142 S.Ct. 2389 (2022); Rita v. United States, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, 168 L.Ed. 2d 203 (2007); Kimbrough v. United States, 552 U.S. 85,108 128 S.Ct. 558, 574, 169 L.Ed. 2d 481 (2007); 18 U.S.C. §3553(a)(4)-(6); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005); Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed. 2d 445 (2007)

Therefore, because the Petitioner was sentenced as a CAREER OFFENDER based on two (2) prior conviction(s) that do not categorically qualify as controlled sub--stance offense caused his Guidelines range to skyrocket to about 360 to 405 months which is 30 to 33 years, because the Fair Sentencing Act and the following Guidelines amendments did not change his Guidelines range because of the CAREER OFFENDER designation in which made him ineligible for relief, regardless of the severity or circumstances of his crime(s), is the reason for this Petition, and that is to remove the GROSS DISPARITY of the 100-to-1 ratio of crack-to-powder cocaine ratio.

-11-

## VI. 18 U.S.C. §3553(a) FACTORS

### COMBINATION OF POST-SENTENCING REHABILITATION & CHANGE(S) OF LAW

1) The Petitioner states under the §3553(a)(1)-(4) factors the Petitioner's not denying responsibility for his past action(s) surrounding the nature and circumstance(s) of the offense. However, based on the history and characteristics of the Petitioner proves that he isn't a violent offender and he has finally understood the error(s) of his ways.

(2)(A) The sentence that was imposed reflected the seriousness of the offense and given the Petitioner an understanding as to why the Court imposed such a sentence to promote the respect for the law and why he doesn't contest the justification of the punishment for the offense(s) he took responsibility for. §3553(a)

(B) The sentence imposed afforded an adequate deterence towards any future criminal conduct by the Petitioner;

(C) As to the Petitioner he is not a threat to the community or the public because the sentence imposed protected the public from further crimes the Petitioner could or would have committed. Not for the sentence imposed the Petitioner could or would have either died or ended up with a much harsher sentence under much dire circumstance(s) due to a lack of education and correctional treatment and;

(D) The sentence imposed provided the Petitioner educational & vocational training in the most effective manner as well receiving the proper corrective treatment needed reagrding the rehabilitation of his way of thinking and rationale in recognizing the consequences and the wrong of not respecting the law and the rights of other people.

Therefore through rehabilitation and the corrective treatment he has received while incarcerated the Petitioner wants the Court to know that he has gained an extreme sense of accountability and remorse for the

people affected by his conduct regarding the offense he has committed.

The Petitioner also hopes he  the chance to beg for his family's forgiveness for any pain or shame he has brought to them.

Therefore the Petitioner  requests this Court to indeed consider his post-sentencing rehabilitation in combination with his other factors presented in this Petition, discussed herein, when considering whether to reduce his sentence by considering his post-sentencing development and other mitigating factor(s), under §3553(a) factors in order to take into account the "MOST UP-TO-DATE PICTURE" of him. See, Pepper v. United States, 562 U.S. 476 (2011)("evidence of post-sentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed district courts to consider at sentencing"). In the same breath, the Supreme Court in Concepcion v. U.S., 142 S.Ct. 2389 (2022) instructed district courts that they "bear the standard obligation to explain their decision and demonstrate that they considered the parties' non-frivolous this obligation means that "a district court MUST generally consider the parties'...arguments before it."(emphasis added)., also see United States v. Vanzant, 2019 WL3468207, at 4 (S.D. Ala. 2019)("considering the relevant §3553(a) factors and the offender's post-sentencing conduct to reduce the defendant's sentence").

CONCLUSION

The Petitioner states even though the Court stated regardless of the guidelines it would have imposed the same sentence, however under the First Step Act of 2018 and Concepcion v. U.S., 142 S.Ct. 2389 (2022), the court would have to engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of "intervening case law" and the scope of the analysis is defined by the gaps (i.e. alleged errors in the guidelines range left unaddressed) left from the original sentencing to enable the court TODAY to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstance(s) pursuant to U.S.S.G.§1B1.13(b)(5)-(6) & (c).

-13-

Therefore, the Petitioner humbly request this Honorable Court to take
into consideration and/or advisement of his post-sentencing rehabilitation
& behavior in combination with the non-retroactive/retroactive intervening
changes of law today seeking compassionate release under 18 U.S.C.
§3582(c)(1)(A), because he clearly stands in front of this Honorable
Court letting it be known that he understands why it has imposed its
sentence under the §3553(a) factors. However, he seeks a reduction in
his sentence under a correct and properly calculated sentencing guidelines
irrespective of the base offense level enhancement(s) pursuant to the
binding policy statements of U.S.S.G. §1B1.13 & U.S. Sentencing
Guidelines Manual.

### RELIEF SOUGHT

The Petitioner humbly seeks this Honorable Court to either GRANT him a reduction
in sentence and/or compassionate release pursuant to the binding policy statements
of U.S.S.G. §1B1.13(b)(6) & (c).

Done and executed on this _20_ day of _MAY_, 2024.

RESPECTFULLY SUBMITTED,

_Rudolph V. Orange_ /s/
RUDOLPH ORANGE
REG. #. _17052-021_
FEDERAL CORRECTIONAL INSTITUTION

-14-