UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

RUDOLPH V. ORANGE

Case No. 5:11cr007-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant asserts that his "unusually long sentence" of 324 months is an extraordinary and compelling reason warranting compassionate release. Dkt. No. 365 at 1 (citing U.S.S.G. § 1B1.13(b)(6)). In arguing for a reduction in sentence, Defendant raises the same or similar arguments he raised on direct appeal and in his 28 U.S.C. § 2255 motion, which this Court denied. See Dkt. Nos. 283, 314. However, nothing in U.S.S.G. § 1B1.13(b)(6) authorizes the Court to find that such claimed errors in the judgment establish an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). See § 1B1.13(b)(6) (stating that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."); see also

3

United States v. Bevans-Silva, No. CR 416-352, 2020 WL 1974402, at *1 (S.D. Ga. Apr. 24, 2020) ("[T]he granting of compassionate release is not related to the underlying validity of a prisoner's conviction or sentence[.]" (quoting Waters v. Rios, No. 17-1367, 2017 WL 3668761, at *3 (D. Minn. Aug. 23, 2017))). The Government argues the Sentencing Commission exceeded its Congressionally-delegated authority in promulgating the policy statement contained in § 1B1.13(b)(6). Dkt. No. 368 at 7. The Court need not reach that issue here, because Defendant has failed to point to a change in the law which would produce the gross disparity required between his sentence and the sentence likely to be imposed today. Moreover, at sentencing, the Court explained that, "regardless of how the objections would have come out that were made regarding the application of the advisory guidelines, considering the [18 U.S.C.] § 3553(a) factors, [the Court] would find that three hundred and twenty-four months is the fair and appropriate sentence regarding this offender and this offense. That would be [the] sentence if it was purely under § 3553." Dkt. No. 275-3 at 15. Therefore, the Court concludes Defendant has not met his burden to show his lengthy sentence is an extraordinary and compelling reason warranting compassionate release.

Even if Defendant had demonstrated an extraordinary and compelling reason, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the present case, a grand jury indicted Defendant with, among other things, possession of 280 grams or more of cocaine base with intent to distribute. Defendant, under a written plea agreement, pled guilty to the lesser-included offense of Count II, i.e., possession of 28 grams or more of cocaine base with intent to distribute. The presentence investigation report calculated a total offense level of 40 and a criminal history category of VI, resulting in an advisory guidelines range of 360 to 480 months' imprisonment. At sentencing, however, the Court partially

sustained an objection to Defendant's role in the offense, reducing the enhancement from four levels to two levels. Dkt. No. 275-3. Based on this, the Court calculated a total offense level of 38 and a criminal history category of VI, which still resulted in an advisory guidelines range of 360 to 480 months' imprisonment. The Court varied below the guidelines and sentenced Defendant to 324 months' imprisonment. Therefore, Defendant has already received significant sentencing consideration. Defendant's projected release date is September 8, 2032, meaning he has well over eight years left to serve. Were he released now, he would have served far less than the advisory guidelines and his favorable sentence. Defendant's criminal history is also concerning. He had previously been convicted of two felony drug convictions, which resulted in his being categorized as a career offender. Further, since his incarceration, Defendant has been sanctioned by the Bureau of Prisons for assault and fighting with another person. Dkt. No. 368-1 at 2. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

July __17__, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA